UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL A BURNHART,<br><br>        Plaintiff,<br><br>    v.<br><br>STATE OF WASHINGTON,<br><br>        Defendant. | CASE NO. C11-5845-RBL-JRC<br><br>REPORT AND RECOMMENDATION TO GRANT IN FORMA PAUPERIS STATUS<br><br>NOTED FOR: November 18, 2011 |

This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Plaintiff seeks to alter or have the Court clarify the length of time he must spend on Community Custody in this civil rights action (ECF No. 1).

The Court recommends that the motion to proceed in forma pauperis be granted and that the action then be dismissed as malicious. The Court makes this recommendation because plaintiff has been untruthful in the complaint in representing the number of prior actions he has filed, and because plaintiff is again trying to collaterally challenge the length of his sentence in a civil rights action – a claim plaintiff has previously presented to this court – and has been denied

relief. Repeatedly, plaintiff has been informed that plaintiff must exhaust his state remedies, and then, if necessary, file a habeas corpus petition and repeatedly, plaintiff has failed to comply.

BACKGROUND FACTS

Plaintiff alleges in his complaint that he has filed four prior actions (ECF No. 1, proposed complaint, page 1). In truth, plaintiff has filed fourteen actions in this Court alone. The prior actions include:

1. 01-cv-5629RJB Burnhart v. DOC (Civil rights action challenging the manner in which good time credits have been awarded to him). This action was dismissed without prejudice and plaintiff informed that he must proceed through habeas corpus).

2. 02-cv-5157RJB Burnhart v. Brown et al. (Civil rights action dismissed for failure to amend the complaint).

3. 04-cv-5726RBL Burnhart v. State of Washington et al. (Civil rights action dismissed for failure to pay the filing fee or properly move to proceed in forma pauperis).

4. 05-cv-1603JLR Burnhart v. Snohomish County Superior Court et al. (Habeas Corpus petition dismissed because petitioner was not in custody on the sentence he was challenging).

5. 06-cv-0361JCC Burnhart v. Sanders et al. (Civil Rights Action challenging medical care, dismissed at summary judgment).

6. 06-cv-0816RSL Burnhart v. Holtgeerts et al. (Civil right action dismissed for failure to state a claim with the dismissal counting as a strike).

7. 06-cv-0870JLR Burnhart v. Belt et al. (Civil Rights action challenging plaintiff's custody level demotions and medical care, dismissed at summary judgment).

8. 06-cv-5326RJB Burnhart v. Clark et al. (Civil rights action challenging prisons giving him a polygraph test. Plaintiff moved to dismiss after the Court entered an Order to Show Cause why the action should not be dismissed as frivolous).

9. 06-cv-5643FDB Burnhart v. Marai, et al. (Civil rights action challenging the facts underlying his conviction. Action dismissed prior to service and plaintiff again instructed such actions must proceed through Habeas Corpus).

10. 07-cv-5326RBL Burnhart v. State of Washington et al. (Habeas Corpus petition. The Court dismissed the petition after repeated attempts to obtain a proper petition failed).

11. 08-5204RJB Burnhart v. Vail (Civil rights action challenging length of confinement. An Order to Show Cause was entered and plaintiff informed of the defects in his complaint. A Report and Recommendation to dismiss the action as frivolous was entered, but plaintiff moved without providing a forwarding address and the action was ultimately dismissed for failure to apprise the Court of a current address).

12. 07-cv-5425RJB Burnhart v. Wazinski et al. (Civil rights action in which a Report and Recommendation to dismiss was sent and returned and plaintiff did not apprise the Court of a current address. The action was ultimately dismissed for failure to keep the Court apprised of a current address).

13. 07-5045FDB Burnhart v. Masko et al. (Civil rights action dismissed for failure to exhaust administrative remedies).

14. 11-cv-5172BHS Burnhart v. Holder (Civil Rights action, still pending).

The Court informed plaintiff in three of these prior actions that when he is challenging the length or fact of confinement he must first obtain relief through habeas corpus (01-cv-5629, 06-cv-5643, and 08-cv-5204). Despite the Court's instructions, plaintiff is still attempting to file actions challenging the length or fact of confinement as civil rights actions.

## DISCUSSION

28 U.S.C. § 1915(e)(2) gives the Court the authority to dismiss an action, on screening the complaint, if the action is frivolous, malicious, or fails to state a claim. Further, 28 U.S.C. §1915(e)(2) gives the court the authority to dismiss a case that is frivolous, malicious, or fails to state a claim, without regard to payment of a filing fee or any portion thereof.

The standard for dismissal as "malicious" has not been well defined by case law but some guidance exists. In Abdul-Akbar v. Department of Corrections, 910 F. Supp. 986, 999 (D. Del. 1995), the District Court in Delaware considered the "malicious" standard and stated:

> A separate standard for maliciousness is not as well established. Deutsch v. United States, 67 F.3d 1080, 1086 merely states that a district court 'must engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure, or harass the defendants.' Id. Other Circuits, however, have offered more objective instances of

REPORT AND RECOMMENDATION - 3

malicious claims. For example, a district court may dismiss a complaint as malicious if it threatens violence or contains disrespectful references to the court. Crisafi v. Holland, 655 F.2d 1305 (D.C.Cir. 1981); see also Phillips v. Carey, 638 F.2d 207, 208 (10th Cir. 1981) (stating that courts may dismiss pleadings with abusive or offensive language pursuant to the court's inherent powers under FRCP 12(f)). In addition, a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims. Id.; Van Meter v. Morgan, 518 F.2d 366 (8th Cir. 1975); Duhart v. Carlson, 469 F.2d 471 (10th Cir. 1972).

Abdul-Akbar v. Department of Corrections, 910 F. Supp. 986, 999 (D. Del. 1995).

Other courts have stated that "malicious" includes irresponsible or harassing litigation. Daves v. Scranton, 66 F.R.D. 5 (E.D. Pa. 1975). The Pennsylvania District Court Stated:

> The legal standard of 'frivolous or malicious' is not capable of precise definition for it is a standard intended for administration within the broad discretion of the court and to be applied with reasonable restraint but as a practical response to irresponsible litigation which would otherwise be subsidized and encouraged by the generosity of the *in forma pauperis* statute.

Daves v. Scranton, 66 F.R.D. 5 (E.D. Pa. 1975).

This will be the fourth time plaintiff has filed a civil rights action that attempts to collaterally challenge his sentence or length of time he is incarcerated. Plaintiff's filings are plainly abusive of the judicial process and such filings should not be "encouraged by the generosity of the in *forma pauperis* statute." Id.

Granting the in forma pauperis request obligates plaintiff to pay the full filing fee and allow the Court to issue a strike for this behavior. The Court recommends dismissal as malicious and that a strike be issued, pursuant to 28 U.S.C. 1915 (e)(2).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. See 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

1 | imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on
2 | November 18, 2011, as noted in the caption.
3 | Dated this 26th day of October, 2011.

J. Richard Creatura
United States Magistrate Judge